JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 12 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 886*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE UNITED MINE WORKERS OF AMERICA EMPLOYEE BENEFIT PLANS LITIGATION*

*BEFORE JOHN F. NANGLE,\* CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK,\* HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation presently consists of five actions pending in two federal districts as follows: four actions in the District of the District of Columbia and one action in the Southern District of West Virginia. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by all plaintiffs in the litigation to centralize the actions in the District of the District of Columbia for coordinated or consolidated pretrial proceedings. The Bituminous Coal Operators' Association, Inc. (BCOA), as an *amicus curiae* in three of the actions, supports plaintiffs' motion. The West Virginia defendant and 25 District of Columbia defendants oppose Section 1407 centralization. In the event that the Panel deems centralization appropriate, the West Virginia defendant would favor the Southern District of West Virginia as the transferee district.

On the basis of the pleadings filed and the hearing held,[1] the Panel finds that these actions involve common questions of fact and that transfer under Section 1407 to the District of the District of Columbia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These five actions share factual questions concerning the interpretation of the so-called "evergreen clause" in trust documents governing certain multiemployer trust funds and benefit plans established and administered by the United Mine Workers of America (UMWA). Centralization of these five actions is therefore desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of the District of Columbia is the appropriate transferee district in light of the following factors: 1) four of five constituent actions, including

---

\* Judges Nangle and Pollak took no part in the decision of this matter.

[1] The Panel heard oral argument in this matter at a hearing in Portland, Maine on July 26, 1991. The Panel then deferred consideration of the Section 1407 motion for 60 days in an order entered on July 31, 1991, and subsequently continued its deferral for an additional 60 days in an order entered on October 2, 1991. This second deferral period expired on December 2, 1991.

- 2 -

the first-filed action, are already pending there; 2) BCOA, UMWA and its trusts are headquartered in the District of Columbia, and therefore any discovery necessary for resolution of these actions will likely be centered there; and 3) the Honorable Thomas F. Hogan, to whom we are assigning this litigation, has presided in three of the actions since 1988 and is familiar with the issues and parties in the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Southern District of West Virginia be, and the same hereby is, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Thomas F. Hogan for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

*FOR THE PANEL:*

*S. Hugh Dillin*
*Acting Chairman*

## SCHEDULE A

*MDL-886* -- <u>In re United Mine Workers of America Employee Benefit Plans Litigation</u>

<u>Southern District of West Virginia</u>

<u>United Mine Workers of America 1974 Pension Trust, et al. v. Rawl Sales & Processing Co.</u>, C.A. No. 3:90-0890

<u>District of the District of Columbia</u>

<u>United Mine Workers of America 1974 Pension Trust, et al. v. The Pittston Company, et al.</u>, C.A. No. 88-0969

<u>United Mine Workers of America 1974 Pension Trust, et al. v. A&E Coal Company, Inc., et al.</u>, C.A. No. 88-1126

<u>United Mine Workers of America 1974 Pension Trust, et al. v. Pittsburgh & Midway Coal Mining Company</u>, C.A. No. 88-3716

<u>United Mine Workers of America 1974 Pension Trust, et al. v. Aloe Coal Company, et al.</u>, C.A. No. 91-0207



DOCKET NO. 886

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE UNITED MINE WORKERS OF AMERICA EMPLOYEE BENEFIT PLANS LITIGATION*

*United Mine Workers of America 1974 Pension Trust, et al. v. Big Star Coal Co., et al.*, W.D. Virginia, C.A. No. 1:93-31

*BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK,* ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY, AND BAREFOOT SANDERS, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by eleven defendants in the above-captioned action (*Big Star*) to vacate the Panel's order conditionally transferring *Big Star* to the District of the District of Columbia for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Thomas F. Hogan.[1] Plaintiffs in *Big Star*, who are also plaintiffs in the transferee court, and interested party the Bituminous Coal Operators' Association, Inc., oppose the motions to vacate and favor transfer of *Big Star*.

On the basis of the papers filed and the hearing held, the Panel finds that *Big Star* involves common questions of fact with the actions in this litigation previously transferred to the District of the District of Columbia, and that transfer of *Big Star* to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Big Star* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. See *In re United Mine Workers of America Employee Benefit Plans Litigation*, MDL-886 (J.P.M.L. December 12, 1991) (unpublished order). In particular, we reject any suggestion by

---

\* Judge Pollack took no part in the decision of this matter.

[1] Four other defendants in the action concur in the eleven defendants' motions to vacate.

- 2 -

defendants that the status of proceedings in the transferee court is in any way an impediment to transfer of *Big Star*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *United Mine Workers of America 1974 Pension Trust, et al. v. Big Star Coal Co., et al.*, W.D. Virginia, C.A. No. 1:93-31, be, and the same hereby is, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Thomas F. Hogan for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 24 93

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 886

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE UNITED MINE WORKERS OF AMERICA EMPLOYEE BENEFIT PLANS LITIGATION*

United Mine Workers of America 1974 Pension Trust, et al. v. Dorton Coal Company, Inc., et al., E.D. Kentucky, C.A. No. 7:93-267
United Mine Workers of America 1974 Pension Trust, et al. v. A.M. Trucking, Inc., et al., S.D. West Virginia, C.A. No. 2:93-618

**BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR.,\* WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY, AND BAREFOOT SANDERS, JUDGES OF THE PANEL**

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by two defendants in the first above-captioned action (*Dorton Coal*) and by one defendant in the second above-captioned action (*A.M. Trucking*) to vacate the Panel's orders conditionally transferring their respective actions to the District of the District of Columbia for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Thomas F. Hogan. Plaintiffs in *Dorton Coal* and *A.M. Trucking*, who are also plaintiffs in the transferee court, oppose the motions to vacate and favor transfer of *Dorton Coal* and *A.M. Trucking*.

On the basis of the papers filed and the hearing held, the Panel finds that *Dorton Coal* and *A.M. Trucking* involve common questions of fact with the actions in this litigation previously transferred to the District of the District of Columbia, and that transfer of *Dorton Coal* and *A.M. Trucking* to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Dorton Coal* and *A.M. Trucking* is appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket. *See In re United Mine*

---

\* Judge Merhige took no part in the decision of this matter.

- 2 -

*Workers of America Employee Benefit Plans Litigation*, MDL-886 (J.P.M.L. December 12, 1991 and August 3, 1993) (unpublished orders).

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *United Mine Workers of America 1974 Pension Trust, et al. v. Dorton Coal Company, Inc., et al.*, E.D. Kentucky, C.A. No. 7:93-267, and *United Mine Workers of America 1974 Pension Trust, et al. v. A.M. Trucking, Inc., et al.*, S.D. West Virginia, C.A. No. 2:93-618, be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Thomas F. Hogan for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

_____
John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 30 1993

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 886

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE UNITED MINE WORKERS OF AMERICA EMPLOYEE BENEFIT PLANS LITIGATION

United Mine Workers of America Combined Benefit Trust, et al. v. Energy West Mining Co., et al., D. Utah, C.A. No. 2:93-871

ORDER LIFTING STAY OF CONDITIONAL TRANSFER ORDER

On October 26, 1993, the Panel filed a conditional transfer order in the above-captioned action. Prior to the expiration of the mandatory fifteen-day stay of execution, defendants Energy West Mining Company and Utah Power and Light Company filed a notice of opposition to the proposed transfer. Inasmuch as defendants have recently notified the Panel that they withdraw their initial opposition to the conditional transfer order,

IT IS ORDERED that the stay of the October 26, 1993, conditional transfer order be, and the same hereby is, LIFTED and the action transferred to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 being conducted by the Honorable Thomas F. Hogan.

FOR THE PANEL:

Patricia D. Howard
Clerk of the Panel



DOCKET NO. 886

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE UNITED MINE WORKERS OF AMERICA EMPLOYEE BENEFIT PLANS LITIGATION*

*United Mine Workers of America 1974 Pension Trust, et al. v. KN Energy, Inc.,* D. Colorado, C.A. No. 1:93-2068

*BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT,\* CLARENCE A. BRIMMER, JR.,\* JOHN F. GRADY, AND BAREFOOT SANDERS,\* JUDGES OF THE PANEL*

## TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by KN Energy, Inc. (KN Energy), the defendant in the above-captioned action (*KN Energy*), to vacate the Panel's order conditionally transferring *KN Energy* to the District of the District of Columbia for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Thomas F. Hogan. Plaintiffs in *KN Energy*, who are also plaintiffs in the transferee court, oppose the motion to vacate and favor transfer of *KN Energy*.

On the basis of the papers filed,[1] the Panel finds that *KN Energy* involves common questions of fact with the actions in this litigation previously transferred to the District of the District of Columbia, and that transfer of *KN Energy* to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *KN Energy* is appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket. *See In re United*

---

\* Judges Brimmer and Sanders recused themselves and took no part in the decision of this matter. Judge Enright also took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of *KN Energy* under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

*Mine Workers of America Employee Benefit Plans Litigation*, MDL-886 (J.P.M.L. December 12, 1991, August 3, 1993 and November 24, 1993) (unpublished orders).

KN Energy represents that a tentative settlement has been reached in *KN Energy*. We note that i) our transfer order in no way prevents this settlement from going forward, and ii) if and when the settlement is finalized, *KN Energy* can be terminated in the transferee court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *United Mine Workers of America 1974 Pension Trust, et al. v. KN Energy, Inc.*, D. Colorado, C.A. No. 1:93-2068, be, and the same hereby is, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Thomas F. Hogan for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

_____
John F. Nangle
Chairman